UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
APR 2 3 2014
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. **4:14CR118 CDP/NAB** |
| MARSHA HARRINGTON, CALVIN SHAW, and LARRY CORNER | ) |
| Defendants. | ) |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

**CONSPIRACY**

1. Beginning on or about January 16, 2011 and continuing until on or about August 2, 2012 within the Eastern District of Missouri,

**MARSHA HARRINGTON,
CALVIN SHAW,** and
**LARRY CORNER,**

the Defendants herein, knowingly and willfully combined, conspired, and agreed with each other and others known and unknown to the Grand Jury to transfer, possess, and use in or affecting interstate or foreign commerce, without lawful authority, a means of identification of others, to wit: their names, social security numbers, and other identifying information, with the intent to commit, aid or abet, or in connection with, unlawful activity that constitutes violations of Federal law, to wit: Title 18, United States Code, Section 1029(a)(2) and (a)(5), in violation of Title 18, United States Code, Section 1028(a)(7).

**MANNER AND MEANS OF THE CONSPIRACY**

The defendants and co-conspirators accomplished and attempted to accomplish the objects of the conspiracy in the following manner and through the following means:

2. It was part of the conspiracy that the Defendant HARRINGTON prepared false federal income tax returns using stolen names, social security numbers, false Forms W-2, and false dependent information.

3. It was further part of said conspiracy that Defendant HARRINGTON used her employment as manager of the Clinton-Peabody Housing Complex to steal social security numbers and other personal information from the housing applications of unsuspecting tenants and used this information to file false tax returns.

4. It was further part of said conspiracy that Defendant HARRINGTON filed the false tax information using her computer in her office located at the Clinton-Peabody Housing Complex located within the Eastern District of Missouri.

5. It was further part of said conspiracy that Defendant SHAW facilitated the filing of additional false tax returns by Defendant HARRINGTON by obtaining names and social security numbers of others without their knowledge or authorization.

6. It was further part of said conspiracy that Defendant SHAW stole the name and social security number of other individuals and provided that information to Defendant HARRINGTON who then created and filed false tax returns using the person's name and social security number.

7. It was further part of said conspiracy that Defendant SHAW then provided the personal information obtained by Defendant CORNER to Defendant HARRINGTON who then created and filed false tax returns using the name and social security number of the inmate, or

used the inmate's name and social security number as a false dependent on another's false tax return.

8. It was further part of said conspiracy that after Defendant HARRINGTON filed the false tax returns she then kept the corresponding tax refund generated by the filed return. If the filed false tax return used a stolen name and social security number provided by Defendants SHAW and/or CORNER, Defendant HARRINGTON shared those funds with Defendants SHAW and/or CORNER respectively.

9. It was further part of said conspiracy that Defendant HARRINGTON filed false tax returns using the name and social security numbers of Defendants SHAW and CORNER.

**OVERT ACTS**

10. In furtherance of and to effect the object of the conspiracy, one or more of the co-conspirators committed and caused to be committed one or more of the following overt acts in the Eastern District of Missouri and elsewhere:

   a. On or about January 5, 2012, Defendant CORNER agreed to provide Defendant SHAW with names and social security numbers of fellow inmates.

   b. On or about January 12, 2012, Defendant CORNER provided Defendant SHAW with the name and social security number of a person referred to herein as A.H..

   c. On or about April 15, 2012, Defendant HARRINGTON filed a false tax return using the name and social security number of the person referred to herein as A.H..

   d. On or about September 4, 2012, Defendant SHAW instructed Defendant CORNER how to respond to the law enforcement if questioned regarding the scheme.

All in violation of Title 18, United States Code, Section 371.

## COUNT II

The Grand Jury further charges that:

Beginning on or about January 16, 2011 and continuing until on or about August 2, 2012 within the Eastern District of Missouri,

**MARSHA HARRINGTON,
CALVIN SHAW, and
LARRY CORNER,**

the Defendants herein, did knowingly transfer, possess, and use in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, to wit, the name and social security number of a person referred to herein as G.M., with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, submitting false claims in violation of Title 18, United States Code, Section 287, and as a result of the offense, the defendant or any other individual committing the offense, obtained anything of value aggregating $1,000 or more during any 1-year period.

All in violation of Title 18, United States Code, Section 1028(a)(7) and punishable by Title 18, United States Code, Section 1028(b)(1)(D).

## Forfeiture Allegation

1.  Pursuant to Title 18, United States Code, Sections 982(a)(2)(b), upon conviction of an offense in violation of Title 18, United States Code, Section 1028 as set forth in Count Two, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such violation and any personal property used or intended to be used to commit said offense.

2. Subject to forfeiture is a sum of money equal to the total value of the property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of such violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
Stephen Casey, #58879MO
Assistant United States Attorney